**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        Plaintiff(s),        **CASE NUMBER: 05-80025**
                                            **HONORABLE VICTORIA A. ROBERTS**
v.

**D-3 KEVIN WATSON**,

        Defendant(s).
_____/

**ORDER**
(REGARDING DOCUMENT #190)

**I.**     **INTRODUCTION**

This matter is before the Court on Defendant Kevin Watson's ("Watson") Motion to Bar Consideration of and Imposition of the Death Penalty Due to the Improper Restriction on the Right to Weigh the Sufficiency of Aggravating Circumstances in the Event there are Mitigating Circumstances with Incorporated Brief. Oral argument was heard on August 21, 2007.

Watson's motion is **DENIED.**

**II.**     **ARGUMENTS AND ANALYSIS**

Watson presents a facial challenge to the Federal Death Penalty Act ("FDPA"). He argues that when a defendant presents evidence of mitigating factors, jurors do not examine the sufficiency of aggravating factors; he claims by statute, jurors can only evaluate the sufficiency of aggravating factors to warrant the death penalty when no mitigating evidence is presented. He contends, in essence, that defendants who

1

present mitigation evidence are penalized by what he characterizes as an unconstitutional statute. The Court finds that Watson misinterprets the FDPA.

The FDPA provides:

> [t]he jury, or if there is no jury, the court, shall consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death.

18 U.S.C. §3593(e).

"It is well-settled that an act of Congress is presumed constitutional, and a defendant bears the burden of demonstrating that it is not." *United States v. Montgomery*, 2007 WL 1031282 *4 (W.D. Mo. Apr. 7, 2007) (citing *Hamilton v. Schriro*, 74 F.3d 1545, 1559 (8th Cir. 1996)). "That burden is particularly high when [a defendant] makes a facial challenge. In order to succeed on a facial challenge, a defendant must show 'that no set of circumstances exists under which the [law] would be valid.'" *Montgomery*, 2007 WL 1031282, at *4 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

When mitigating evidence is presented, the jury is required to consider whether the aggravating factor(s) "sufficiently outweigh" the mitigating factor(s) to justify a sentence of death. *See* 18 U.S.C. §3593(e). This does not mean that the death penalty is mandatory if there is a greater number of aggravating factors than mitigating factors. Instead, the death penalty is only appropriate if the aggravating factor(s) "sufficiently outweigh" the mitigating factor(s). Because the FDPA does not define "sufficiently outweigh," the Court provides the definition through its jury instructions. *See United States v. Sampson*, 486 F.3d 13, 30 (1st Cir. 2007).

2

While instructing the jury on the weighing of aggravating and mitigating factors, one district court stated, "['sufficiently outweigh'] is not a matter of arithmetic. You're not being asked to simply count the total number of aggravating and mitigating factors and reach a decision based on which number is greater. Instead, you must consider the weight and value that you feel should be given to each factor." *Id.* at 29. Another court stated, "weighing was not a mechanical process determined by raw numbers [but required] the jury to consider the quality and value of the factors." *United States v. Barrett*, 2007 WL 2122059 *29 (10th Cir. July 25, 2007). Both of these jury instructions withstood constitutional challenges.

Contrary to Watson's argument, the language of the FDPA does not suggest that a defendant is penalized for presenting mitigating evidence. The FDPA does not allow mandatory implementation of the death penalty irrespective of whether mitigation evidence is presented. Instead, when mitigation evidence is presented and weighed, the jury must engage in a balancing test to determine whether the aggravating factors justify the death penalty. Only if the aggravating factors "sufficiently outweigh" the mitigating factors can the jury find the death penalty to be an appropriate punishment.

This Court finds that Watson failed to demonstrate that the FDPA is unconstitutional in its treatment of mitigation evidence.

## III.    CONCLUSION

The Court **DENIES** Watson's motion.

**IT IS ORDERED.**

                                                                          s/Victoria A. Roberts
                                                                          Victoria A. Roberts
                                                                          United States District Judge

Dated: August 23, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 23, 2007.

s/Carol Pinegar
Deputy Clerk

---