UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 05-80025
                                      HONORABLE VICTORIA A. ROBERTS

v.

**D-3 KEVIN WATSON**,

        **Defendant(s).**
_____/

**ORDER**
(REGARDING DOCUMENT #191)

**I.    INTRODUCTION**

This matter is before the Court on Defendant Kevin Watson's Motion to Bar Consideration or Imposition of the Death Penalty on the Grounds that the Statute Requires the Defendant to Prove the Existence of Mitigating Circumstances by a Preponderance of the Evidence with Incorporated Brief (Doc. #191). Defendant Watson ("Watson") simply argues that the Federal Death Penalty Act ("FDPA") violates his Eighth Amendment rights because it requires him to prove mitigating circumstances by a preponderance of the evidence. Oral argument was heard on August 21, 2007.

Watson's motion is **DENIED**.

**II.    ARGUMENTS AND ANALYSIS**

Watson relies on *Lockett v. Ohio*, 438 U.S. 586 (1977), *Eddings v. Oklahoma*, 455 U.S. 104 (1982), and *Hitchcock v. Dugger*, 481 U.S. 393 (1987) in requesting the Court to declare the burden of proof requirement on the presentation of mitigation

1

evidence, unconstitutional. The statute provides, "[t]he burden of establishing the existence of any mitigating factor is on the defendant, and is not satisfied unless the existence of such a factor is established by a preponderance of the information." 18 U.S.C. §3593(c).

In *Lockett*, the defendant challenged the constitutionality of Ohio's death penalty statute on the ground that it did not permit the sentencing judge to consider, as mitigating factors, her character, prior record, age, lack of specific intent to cause death, and her relatively minor part in the crime. *Lockett*, 438 U.S. at 597. The Court recognized that due to the accepted concept of individualized sentencing, the sentencing judge's "possession of the fullest information possible concerning the defendant's life and characteristics" is "[h]ighly relevant–if not essential–[to the] selection of an appropriate sentence . . . ." *Id.* at 602-03 (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)). The Court agreed with *Lockett* and found Ohio's death penalty statute unconstitutional on Eighth Amendment grounds because only the three mitigating factors[1] specified in the statute could be considered in mitigation of the

---

[1] The Ohio death penalty statute provided that once a defendant is found guilty of aggravated murder with at least one of seven specified aggravating circumstances, the death penalty must be imposed unless, considering "the nature and circumstances of the offense and the history, character, and condition of the offender," the sentencing judge determines that at least one of the following mitigating factors is established by a preponderance of the evidence:

(1) The victim of the offense induced or facilitated it.
(2) It is unlikely that the offense would have been committed, but for the fact that the offender was under duress, coercion, or strong provocation.
(3) The offense was primarily the product of the offender's psychosis or mental deficiency, though such condition is insufficient to establish the defense of insanity.

2

defendant's sentence.² *Id.* at 606-08.  "To meet constitutional requirements, a death penalty statute must not preclude consideration of relevant mitigating factors."  *Id.* at 608.

In *Eddings*, the Court applied the rule from *Lockett* that the Eighth Amendment requires the sentencer in capital cases to consider any relevant mitigating factor.  The Court found that the limitations placed upon mitigating evidence by the trial court and the Court of Criminal Appeals violated the Eighth Amendment.  *Eddings*, 455 U.S. at 112-13.  "Just as the State may not by statute preclude the sentencer from considering any mitigating factor, neither may the sentencer refuse to consider, *as a matter of law*, any relevant mitigating evidence."  *Id.* at 113-14 (emphasis in original).

Similarly, the Supreme Court in *Hitchcock* held that because the advisory jury was instructed not to consider--and the sentencing judge refused to consider--evidence of nonstatutory mitigating circumstances, the proceedings did not comport with the requirements of *Eddings* and *Lockett*.  *Hitchcock*, 481 U.S. at 398-99 ("[t]he exclusion of mitigating evidence of the sort at issue here renders the death sentence invalid.").³

None of these cases supports Watson's argument that it is a constitutional violation to require him to prove mitigating circumstances by a preponderance of the

---

*Lockett*, 438 U.S. at 607 (quoting Ohio Rev. Code Ann. §2929.04(B) (1975)).

²As currently enacted, the Ohio death penalty statute contains six specific factors plus "[a]ny other factors that are relevant to the issue of whether the offender should be sentenced to death."  Ohio Rev. Code Ann. §2929.04(B).

³The court only considered the factors enumerated in the Florida death penalty statute.  It refused to consider the testimony concerning petitioner's family background and his capacity for rehabilitation.

3

evidence. The Ohio statute in *Lockett* required the defendant to prove at least one of the mitigating circumstances by a preponderance of the evidence. Nowhere in the decision did the Court find fault with this standard. The argument raised by Watson in this motion was not raised in any of the cases he relied upon. Instead, *Lockett*, *Eddings*, and *Hitchcock* stand for the proposition that a death penalty statute must allow the jury to consider and weigh *all* relevant mitigating circumstances in order to be constitutional. The FDPA meets this requirement.

Seven mitigating factors are enumerated in the FDPA,[4] but it also provides that the finder of fact should consider, "[o]ther factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of

---

[4]These factors include:

(1) The defendant's capacity to appreciate the wrongfulness of the defendant's conduct or to conform conduct to the requirements of law was significantly impaired, regardless of whether the capacity was so impaired as to constitute a defense to the charge.
(2) The defendant was under unusual and substantial duress, regardless of whether the duress was of such a degree as to constitute a defense to the charge.
(3) The defendant is punishable as a principal in the offense, which was committed by another, but the defendant's participation was relatively minor, regardless of whether the participation was so minor as to constitute a defense to the charge.
(4) Another defendant or defendants, equally culpable in the crime, will not be punished by death.
(5) The defendant did not have a significant prior history of other criminal conduct.
(6) The defendant committed the offense under severe mental or emotional disturbance
(7) The victim consented to the criminal conduct that resulted in the victim's death.

18 U.S.C. §3592(a).

the death sentence." 18 U.S.C. §3592(a). In addition, "[a]t the sentencing hearing, information may be presented as to any matter relevant to the sentence, including any mitigating . . . factor permitted or required to be considered under section 3592." 18 U.S.C. §3593(c). "The defendant may present any information relevant to a mitigating factor.[5]" *Id.* This allows the sentencing jury to evaluate and give effect to the full range of relevant mitigating evidence.

Noteworthy, other courts upheld statutes that place the burden of proving affirmative defenses by a preponderance of the evidence on a criminal defendant. *See, e.g., Patterson v. New York*, 432 U.S. 197 (1977) (upholding a statute that required a defendant to prove an emotional distress defense by a preponderance of the evidence); *Rhodes v. Brigano*, 91 F.3d 803 (6th Cir. 1996) (upholding an Ohio statute that places the burden of proof on a defendant to prove heat of passion, reducing murder to manslaughter); and *United States v. Meraz-Solomon*, 3 F.3d 298 (9th Cir. 1993) (approving requirement that a defendant prove duress by a preponderance of the evidence).

At least one court held that requiring a capital defendant to prove mitigating

---

[5]The Government also expects to use the Eighth Circuit Model Jury Instructions which provides:

> You are permitted to consider <u>anything</u> else about the commission of the crime or about [the defendant's] background or character that would mitigate against imposition of the death penalty. If there are any such mitigating factors, whether or not specifically argued by defense counsel, which are established by a preponderance of the evidence, you are free to consider them in your deliberations.

Eighth Cir. Model Jury Instruction 12.10: Mitigating Factors Enumerated.

circumstances by a preponderance of the evidence is not unconstitutional. *Lesko v. Lehman*, 925 F.2d 1527 (3rd Cir. 1991) ("[w]e find no constitutional defect in Pennsylvania's requirement that a capital defendant prove mitigating circumstances by a preponderance of the evidence.").

The Court finds no constitutional defect in the FDPA's requirement that a capital defendant prove mitigating circumstances by a preponderance of the evidence. As the Government points out, the jury cannot give weight to facts that are not sufficiently proven.

### III. CONCLUSION

The Court **DENIES** Watson's motion.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 23, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 23, 2007.

s/Carol Pinegar
Deputy Clerk