**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        Plaintiff(s),          **CASE NUMBER: 05-80025
HONORABLE VICTORIA A. ROBERTS**

v.

**D-3 KEVIN WATSON**,

        Defendant(s).
_____/

**ORDER**
(REGARDING DOCUMENT # 192)

**I.    INTRODUCTION**

This matter is before the Court on Defendant Kevin Watson's Motion to Bar Death Penalty Prosecution because the Death Penalty Provisions of 18 U.S.C. §§ 3591 through 3598 are Unconstitutional because they Violate Procedural and Substantive Due Process with Incorporated Brief (Doc. #192). Oral argument was heard on August 21, 2007.

Defendant's motion is **DENIED.**

**II.    CONSTITUTIONAL PROTECTIONS**

When a person is first charged with a crime, he is entitled to a presumption of innocence, and may insist that his guilt be established beyond a reasonable doubt. *In re Winship*, 397 U.S. 358 (1970). Other constitutional provisions are in place to ensure against the risk that an innocent person will be convicted. *See, e.g., Coy v. Iowa*, 487 U.S. 1012 (1988) (right to confront adverse witnesses); *Taylor v. Illinois*, 484 U.S. 400 (1988) (right to compulsory process); *Strickland v. Washington*, 466 U.S. 668 (1984)

1

(right to effective assistance of counsel); *Duncan v. Louisiana*, 391 U.S. 145 (1968) (right to jury trial); *Brady v. Maryland*, 373 U.S. 83 (1963) (prosecution must disclose exculpatory evidence); *Gideon v. Wainwright*, 372 U.S. 335 (1963) (right to assistance of counsel); *In re Murchison*, 349 U.S. 133 (1955) (right to a "fair trial in a fair tribunal"). In capital cases, the United States Supreme Court requires additional protections because of the penalty at stake. *See, e.g., Beck v. Alabama*, 447 U.S. 625 (1980) (jury must be given option of convicting the defendant of a lesser offense).

These constitutional safeguards make it more difficult for the Government to rebut and overturn the presumption of innocence. Yet, "[d]ue process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Patterson v. New York*, 432 U.S 197, 208 (1977).

## III. ARGUMENTS AND ANALYSIS

The Fifth Amendment to the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

In support of his motion, Defendant Watson ("Watson") relies on *United States v. Quinones*, 196 F.Supp.2d 416 (S.D.N.Y. 2002) and *United States v. Quinones*, 205 F.Supp.2d 256 (S.D.N.Y. 2002), opinions of Judge Jed S. Rakoff. Watson acknowledges that the United States Court of Appeals for the Second Circuit reversed Judge Rakoff's decision, *United States v. Quinones*, 313 F.3d 49 (2nd Cir. 2002).

2

Nevertheless, he adopts Judge Rakoff's arguments and reasoning. Watson argues that the Federal Death Penalty Act ("FDPA") violates his substantive due process rights under the Fifth Amendment because there is an undue risk that innocent people will be executed. Watson argues that his procedural due process rights under the Fifth Amendment are violated because the FDPA deprives innocent people of an opportunity to prove their innocence.

The Supreme Court teaches district courts to apply the same test when reviewing substantive and procedural due process challenges to criminal laws. *See, e.g.*, *Medina v. California*, 505 U.S. 437, 445 (1992) (holding that a criminal procedure does not violate due process unless "it offends some principle of justice so rooted in the traditions and consciousness of our people as to be ranked as fundamental"); *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (applying the same test to a substantive due process claim).

Judge Rakoff issued a preliminary order on April 25, 2002, announcing his tentative decision to find the FDPA unconstitutional based on evidence indicating that innocent people are wrongfully convicted under the FDPA. *Quinones*, 196 F.Supp.2d at 420. On July 1, 2002, Judge Rakoff confirmed his initial view of the FDPA and declared it unconstitutional. *Quinones*, 205 F.Supp.2d at 257. Judge Rakoff stated:

> It is . . . fully foreseeable that in enforcing the death penalty a meaningful number of innocent people will be executed who otherwise would eventually be able to prove their innocence. It follows that implementation of the Federal Death Penalty Act not only deprives innocent people of a significant opportunity to prove their innocence, and thereby violates procedural due process, but also creates an undue risk of executing innocent people, and thereby violates substantive due process.

*Id.*

On appeal, the Second Circuit stated that historical practice shows "[t]he majority of states as well as the federal government have provided for capital punishment for over two hundred years." *Quinones*, 313 F.3d at 62. Despite this lengthy history, there remains a raging debate over whether the death penalty is constitutional in light of the risk of executing innocent defendants. *United States v. Sampson*, 486 F.3d 13, 27 (1st Cir. 2007).

The proposition that the death penalty is unconstitutional because of the risk of executing an innocent person has been presented to the Supreme Court on numerous occasions. Repeatedly, the Court declined to hold the death penalty unconstitutional per se for over two centuries, . *Id.* In *In re Kemmler*, 136 U.S. 436 (1890), the Court held that punishment of death by electrocution does not violate the Due Process Clause of the Fourteenth Amendment which, like the Due Process Clause of the Fifth Amendment, "requires that no different or higher punishment shall be imposed upon one than is imposed upon all for like offenses." *Id.* at 449. In *Furman v. Georgia*, 408 U.S. 238 (1972), all nine Justices found that application of a particular state death penalty statute was so arbitrary that it violated the Eighth Amendment. Despite this, only two Justices were willing to declare the death penalty a per se violation of the Constitution. Further, only Justice Thurgood Marshall believed that the possibility of executing an innocent person was sufficient on its own to render the death penalty unconstitutional. *Quinones*, 313 F.3d at 65 (citing *Furman*, 408 U.S. at 305, 358-59, 364).

Most recently, in *Herrera v. Collins*, 506 U.S. 390 (1993), the Supreme Court held that the death penalty is not per se unconstitutional at the same time it recognized

that innocent individuals might be executed under the inherent fallibility of any system of justice. *Id.* at 416-20.

"[T]he mere possibility that an actually innocent person may be convicted cannot be the constitutional touchstone for a due process violation." *United States v. Montgomery*, 2007 WL 1031282 *7 (W.D. Mo. Apr. 12, 2007). "[I]f the well-settled law on this issue is to change, that is a change that only the Supreme Court or Congress is authorized to make." *Quinones*, 313 F.3d. at 69.

Congress enacted the FDPA against the backdrop of repeated assertions that innocent people have been executed. *Id.* at 64. Further, the Supreme Court has historically declined to adopt the argument that capital punishment violates due process. Given the congressional enactment and Supreme Court precedent, this Court must find that the FDPA does not violate the Due Process Clause of the Fifth Amendment. The right to a continued opportunity for exoneration throughout the course of one's natural life is not "rooted in the . . . conscience of our people." *See id.* at 64-65.

Watson offers a case in which the Government dismissed murder charges based on new forensic tests.[1] He requests this Court to grant him an opportunity to offer evidence of erroneous incidents of federal death penalty prosecutions. The Court denies this request. There is no demonstration that any innocent defendant has been sentenced to the death penalty under the FDPA. *See United States v. Church*, 217 F.Supp.2d 700, 702 (W.D. Va. Aug. 19, 2002) ("The federal experience with death

---

[1] In the case of Darrell D. Rice, the investigation of a double homicide was nearly eight years old. Rice was the primary suspect for six and a half years and indicted for two years. Weeks before the scheduled trial, the Government dismissed the murder charges because new forensic tests indicated that Rice was not the perpetrator.

5

penalty cases certainly does not support an argument that the federal court system is likely to convict the truly innocent.").

The FDPA has extensive procedural protections which this Court will honor in the prosecution of Mr. Watson and his co-defendants, to ensure the death penalty -- if selected -- is done so only after full procedural and substantive due process has been afforded to them.

## IV. CONCLUSION

The Court **DENIES** Watson's motion.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 23, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 23, 2007.

s/Carol Pinegar
Deputy Clerk