**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff(s),    **CASE NUMBER: 05-80025
                 HONORABLE VICTORIA A. ROBERTS**

v.

**D-3 KEVIN WATSON**,

    Defendant(s).
_____/

**ORDER**
(REGARDING DOCUMENT #188)

**I. INTRODUCTION**

This matter is before the Court on Defendant Kevin Watson's ("Watson") "Motion to Strike Non-Statutory Aggravating Circumstance C(1) and to Bar Presentation of Evidence at Sentencing Regarding Claimed 'Other Acts of Violence' with Incorporated Brief." (Doc. #188) While Watson states "Non-Statutory Aggravating Circumstance C(1)" in his caption, at the hearing held on October 18, 2007, he clarified that his argument pertains to non-statutory aggravating circumstance "C(2)." The Court's analysis is based on "C(2)."

Defendant's motion is **DENIED**.

**II. ARGUMENTS AND ANALYSIS**

  **A.  Additional Violent Behavior**

Section C(2) of the Government's Notice of Intent to Seek the Death Penalty ("Notice of Intent") includes the non-statutory aggravating factor, "Additional violent

behavior *after* killing Stephens: Defendant participated, along with co-defendant Norman Duncan, in the February 12, 2004 Comerica bank robbery during which Eddie Cromer was shot and killed."

Watson says the Court should strike this factor if the Government intends to offer any other evidence of "additional violent behavior," since the bank robbery is the only "additional violent behavior" the Government included in its Notice of Intent. Watson asserts the presentation of evidence of any other behavior would violate his constitutional rights. *See Gray v. Netherland*, 518 U.S. 152, 167-68 (1996) ("A defendant's right to notice of the charges against which he must defend is well established") (citing *In re Ruffalo*, 390 U.S. 544 (1968)); *Cole v. Arkansas*, 333 U.S. 196, 201 (1948) ("No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal") (citing *In re Oliver*, 333 U.S. 257 (1948)).

In a supplemental filing, and during oral argument, the Government made clear it intends to rely only upon the Comerica bank robbery as evidence of additional violent behavior. Given this, the Court declines to strike non-statutory aggravating factor C(2). However, the Court finds that section C(3) duplicates section C(2). Section C(3) states: "Future Dangerousness: defendant took part in an armored car robbery after the one in which he killed Stephens."

In *Johnson v. Gibson*, 169 F.3d 1239 (10th Cir. 1999), the defendant argued that the "prior felony conviction" and "future dangerousness" aggravating factors were

2

duplicative. *Gibson*, 169 F.3d at 1252. The court disagreed because "[a]lthough the jury may have relied on some of the same evidence -- namely petitioner's past felony convictions -- in finding the aggravating circumstance of future dangerousness, it did not necessarily have to find [a prior felony conviction] in order to find [future dangerousness]." *Id.* (citing *Davis v. Executive Dir. of Dep't. Of Corr.*, 100 F.3d 750, 774 (10th Cir. 1996)). "[T]he key prerequisite for finding an aggravator unconstitutionally duplicative is that it is 'necessarily subsume[d]' by another aggravating factor." *United States v. Cheever*, 423 F.Supp.2d 1181, 1199 (D. Kan. 2006) (citing *Cooks v. Ward*, 165 F.3d 1283, 1289 (10th Cir. 1998)).

The only evidence the Government sets forth in its Notice of Intent to prove the "additional violent behavior" and "future dangerousness" factors is Watson's alleged involvement in the Comerica bank robbery. That necessarily means that Watson's jury has to find that Watson participated in the Comerica bank robbery in order to find future dangerousness. The "additional violent behavior" factor "necessarily subsumes" the "future dangerousness" factor. "Such double counting of aggravating factors, especially under a weighing scheme, has a tendency to skew the weighing process and creates the risk that the death sentence will be imposed arbitrarily and thus, unconstitutionally." *United States v. McCullah*, 76 F.3d 1087, 1111 (10th Cir. 1996) (citing *Stringer v. Black*, 503 U.S. 222, 230-32 (1992)). While *McCullah* pertained to statutory aggravating factors, the Court finds *McCullah* applies equally to non-statutory aggravating factors. *See United States v. Jones*, 132 F.3d 232, 250 (5th Cir. 1998) (finding non-statutory aggravating factors duplicative).

The Government cannot use the Comerica bank robbery to prove the "additional

violent behavior" factor and the "future dangerousness" factor; it must elect which non-statutory aggravating factor it will attempt to prove using the February 12, 2004 Comerica bank robbery evidence.

However, the Government can rely on "lack of remorse" to prove future dangerousness. *See* Order (Regarding Doc. #189).

**B. Unadjudicated Criminal Acts**

Watson argues the Court should strike section C(2) because he was not convicted for the Comerica bank robbery. He states that allowing the Government to present evidence related to an unadjudicated crime violates his constitutional rights and is prohibited by the Federal Death Penalty Act. Watson states that 18 U.S.C. §§ 3592(c)(2), (3), and (4) only allow the Government to use criminal convictions as aggravating factors.

Watson is correct in that 18 U.S.C. §§ 3592(c)(2), (3), and (4) say that in determining whether a sentence of death is justified, the jury may consider previous criminal convictions. But, these provisions are *statutory* aggravating factors. The question is: can the Government present evidence related to an unadjudicated criminal act as a *non*-statutory aggravating factor?

Two fundamental, constitutional principles underlie death penalty jurisprudence. The first principle requires courts to "assure heightened reliability in capital sentencing because capital punishment is qualitatively different from other punishments." *United States v. Beckford*, 964 F.Supp. 993, 999 (E.D. Va. 1997) (citing *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976)). "The second principle emphasizes the importance of presenting the sentencing jury with all relevant evidence." *Beckford*, 964 F.Supp. at

999 (citing *Jurek v. Texas*, 428 U.S. 262, 276 (1976)).

This second principle permits the Government to present evidence related to Watson's alleged involvement in the Comerica bank robbery. Because it is a crime of violence, it is "arguably more relevant and probative than any other type of aggravating evidence supporting imposition of the death penalty." *Beckford*, 964 F.Supp. at 1000 (quoting *United States v. Davis*, 912 F.Supp. 939, 949 (E.D. La. 1996)). However, the Court must strike a balance between these two competing principles. *See Beckford*, 964 F.Supp. at 1000. It is "Constitutionally essential to assure that the principle of heightened reliability serves as a meaningful limit to the admission of 'all relevant evidence' in order to prevent the less stringent concept of relevant from predominating over the cardinal principle of reliability." *Id.*

Unadjudicated criminal offenses are inherently unreliable because "no untainted jury, utilizing the Federal Rules of Evidence and the requisite burdens of proof, has found the defendant guilty." *United States v. Bradley*, 880 F.Supp. 271, 287 (M.D. Pa. 1994). Therefore, although in death penalty cases the jury may consider "whether any [non-statutory] aggravating factor . . . exists," 18 U.S.C. §3592(c), unadjudicated criminal conduct must first meet a threshold test of reliability. *See Beckford*, 964 F.Supp. at 1000 (citing *Davis*, 912 F.Supp. at 949; *Bradley*, 880 F.Supp. at 287; *United States v. Walker*, 910 F.Supp. 837, 853-54 (N.D.N.Y. 1995)).

The Court finds that before the penalty phase (should there be one), the Government must present to Watson the evidence it intends to introduce to prove Watson's alleged involvement in the Comerica bank robbery. The Court will determine whether the evidence is reliable. If the threshold is met, the Government will be allowed

5

to present it to the jury.

## III. CONCLUSION

The Court **DENIES** Watson's motion, and declines to strike section C(2) from his Notice of Intent.

However, the Government is instructed to refrain from presenting duplicative non-statutory aggravating factors to the jury. Also, it must present the evidence it has implicating Watson in the February 12, 2004 Comerica bank robbery to Watson within a time frame to be determined by the Court if the parties cannot otherwise agree.

**IT IS ORDERED.**

                                                /s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: December 28, 2007