UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                  Case No: 05-80025
                                                      Honorable Victoria A. Roberts

TIMOTHY O'REILLY, ET AL,

    Defendants,
_____/

## **ORDER**
### (REGARDING DOCUMENT NO. 185)

**I. INTRODUCTION**

This matter is before the Court on Defendant Kevin Watson's "Motion to Require Disclosure of the Transcript of Grand Jury Proceedings Related to 'Notice of Special Findings' in Indictment with Incorporated Brief." (Doc. #185)   Defendant Watson ("Watson") argues the Government must disclose that portion of the grand jury transcript which discusses the "Special Findings" section of the Second Superseding Indictment.

Watson's motion is **DENIED.**

**II. ARGUMENTS AND ANALYSIS**

Fed. R. Crim. P. 6(e)(3)(E)(i) says, "The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter preliminarily to or in connection with a judicial proceeding."

However, "[d]isclosure is proper only on a showing of 'compelling necessity' and

1

'particularized need.'" *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986). The burden is on the defendant to show that a "particularized need" exists, and such need must outweigh the policy of secrecy. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). For example, a defendant's burden is met where the testimony is needed to test a witness's credibility, impeach a witness, or refresh a witness's recollection. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958).

Watson argues the Court must strike the "Special Findings" section from his Second Superseding Indictment if the grand jury was not aware that returning an indictment with "Special Findings" would make him eligible for the death penalty. Watson requests the grand jury proceedings to determine whether it was told it had the option to return an indictment without "Special Findings," and whether it was informed that "special findings" make him death-penalty eligible.

The Government is not required to inform the grand jury that its decision to return "Special Findings" makes a defendant death-penalty eligible. *United States v. Green*, 2007 WL 773735 at *4 (W.D. Ky. March 9, 2007); *see also United States v. Lecco*, 2007 WL 1074775 at *2-3 (S.D. W. Va. April 5, 2007) (rejecting defendants' argument that the Government improperly failed to inform the grand jury that by returning the indictment with special findings, the defendants would have to answer to an offense punishable by death); *United States v. Haynes*, 269 F.Supp.2d 970, 981 (W.D. Tenn. 2003) (rejecting defendant's argument that the grand jury cannot fulfill its role because it was not aware that its findings could make him eligible for the death penalty); *United States v. Diaz*, 2007 WL 656831 at *6 (N.D. Cal. Feb. 28, 2007) (holding that the Government "[n]eed not inform the grand jury of the potential capital consequences of its special findings.").

In addition, "[t]he grand jury's role is not to decide whether probable cause supports the imposition of a particular *sentence* against a charged individual; rather the grand jury check on prosecutorial power stems from its independent *factual* determination of the existence of probable cause for the essential elements of the charged offense." *Haynes*, 269 F.Supp.2d at 981 (emphasis in original) (citing *Branzburg v. Hayes*, 408 U.S. 665, 686-87 (1972); *Stirone v. United States*, 361 U.S. 212, 217-19 (1960); *United States v. Regan*, 221 F.Supp.2d 672, 680 (E.D. Va. 2002); *United States v. Matthews*, 246 F.Supp.2d 137, 147 (N.D.N.Y. 2002) ("Grand juries do not make findings or recommendations concerning punishment or sentencing and such considerations should not influence their decision. It is for the petit jury to make that determination.")). Watson's argument "[a]ttempts to extend the meaning of the Indictment Clause beyond its constitutional limits." *See Haynes*, 269 F.Supp.2d at 981.

Watson also relies on *Vasquez v. Hillery*, 106 S.Ct. 617 (1986). This reliance is misplaced. Watson does not even begin to allege a constitutional violation of the magnitude of *Hillery*, where the Supreme Court agreed that the systematic exclusion of blacks from grand juries undermines the structural integrity of our criminal justice system, and denies equal protection of the laws **NEEDS CITE.**. Nor does he present any evidence that the grand jury improperly performed its function: to find facts and determine whether probable cause exists to indict on a death-eligible offense.

The Court finds that Watson fails to demonstrate a "compelling" and "particularized" need for the disclosure of the grand jury proceedings.

**III. CONCLUSION**

The Court **DENIES** Watson's motion.

**IT IS ORDERED.**

                                            /s/ Victoria A. Roberts
                                           Victoria A. Roberts
                                           United States District Judge

Dated: December 28, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 28, 2007.

s/Linda Vertriest
Deputy Clerk

---