UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 05-80025
                                            HONORABLE VICTORIA A. ROBERTS

v.

**D-3 KEVIN WATSON**,

        Defendant(s).
_____/

**ORDER**
(REGARDING DOCUMENT #186)

**I.    INTRODUCTION**

This matter is before the Court on Defendant Kevin Watson's ("Watson") "Motion to Strike Section C of the Notice of Intent to Seek the Death Penalty as to Defendant, Kevin Watson and to Bar the Government from Presenting any Evidence Regarding Claimed Non-Statutory Aggravating Factors not Included within the Special Findings in the Indictment nor Considered by the Grand Jury in Returning the Indictment in this Case with Incorporated Brief." (Doc. #186).

Watson argues the Government's failure to charge non-statutory aggravating factors in his Second Superseding Indictment ("Indictment") violates his Fifth, Sixth, and Eighth Amendment rights. While Watson mentions the Eighth Amendment, he doesn't argue it. Accordingly, Watson has abandoned his Eighth Amendment claim.

Oral argument was heard on October 18, 2007.

For the following reasons, Defendant's motion is **DENIED.**

1

## II. STAGES OF A FEDERAL DEATH PENALTY CASE

There are three stages to a federal death penalty case. The first stage requires the Government to prove the defendant guilty of the death-eligible crime beyond a reasonable doubt. If the jury determines the Government met its burden, it must then decide whether the defendant is eligible for the death penalty. In this "eligibility stage," the Government must prove one of the four preliminary threshold "intent" factors and at least one of the sixteen statutory aggravating factors beyond a reasonable doubt. *See* 18 U.S.C. §§ 3591(a) and 3592(c). If the jury determines the defendant is death-penalty eligible, the case moves to the third stage. At this stage, the jury decides whether to sentence the defendant to the death penalty or to life in prison. This stage is when non-statutory aggravating factors enter into the jury's deliberations. *United States v. Sampson*, 275 F.Supp.2d 49, 99 (D. Mass. 2003).

## III. ARGUMENTS AND ANALYSIS

In section C of its Notice of Intent to Seek the Death Penalty ("Notice of Intent"), the Government included five non-statutory aggravating factors.

Relying on *Cunningham v. California*, 127 S.Ct. 856 (2007), Watson contends his Fifth and Sixth Amendment rights were violated because the Government did not charge these non-statutory aggravating factors in his Indictment. Watson asks the Court to strike them and prohibit the Government from presenting any evidence relating to them.

*Cunningham* is instructive. He was convicted of continuous sexual abuse of a child under the age of 14. California's determinate sentencing law ("DSL") punishes

that offense by imprisonment of a lower-term sentence of six years, a middle-term sentence of 12 years, or an upper-term sentence of 16 years. *Cunningham*, 127 S.Ct. at 860 (citing Cal. Penal Code Ann. §288.5(a) (West 1999)). The trial judge was obliged to sentence petitioner to the 12-year middle term unless the judge found at least one aggravating fact. The trial judge found six aggravating facts by a preponderance of the evidence and sentenced petitioner to the upper term of 16 years. *Cunningham*, 127 S.Ct. at 860-61. Petitioner's sentence was affirmed on appeal. *Id.* at 861.

In reversing, the Supreme Court stated, "[u]nder the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." *Id.* at 863-64 (citing *Jones v. United States*, 526 U.S. 227 (1999); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and *Harris v. United* States, 536 U.S. 545, 557 (2002) ("*Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime - and thus the domain of the jury - by those who framed the Bill of Rights.")). The Court noted that *Apprendi* applies to facts subjecting a defendant to the death penalty, *Ring v. Arizona*, 536 U.S. 584, 602, 609 (2002); facts permitting a sentence in excess of the "standard range," *Blakely v. Washington*, 542 U.S. 296, 304-05 (2004); and facts triggering a sentence range elevation under the then-mandatory Federal Sentencing Guidelines, *United States v. Booker*, 543 U.S. 220, 243-44 (2005). *Cunningham*, 127 S.Ct. at 864. The Court held that because California's DSL requires the trial judge to find aggravating facts by a preponderance of the evidence, it violates *Apprendi*'s bright-line rule: Except for a prior conviction, "any

3

fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 868 (citing *Apprendi*, 530 U.S. at 490). Watson argues the Federal Death Penalty Act ("FDPA") is similar because it allows the jury to consider "any other relevant information" provided by the Government. *See* 18 U.S.C. §3593(a) and (c). Watson argues that *Cunningham*, *Apprendi* and *Ring* require that non-statutory aggravating factors be charged in the Indictment and found by a jury beyond a reasonable doubt.

In determining whether a particular fact is to be treated as an element of the offense, as opposed to a sentencing factor, "the relevant inquiry is not one of form, but of effect–does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Apprendi*, 530 U.S. at 494. The preliminary threshold "intent" factors and statutory aggravating factors comprise the "eligibility phase" of death sentencing. *See Jones v. United States*, 527 U.S. 373, 367-77 (1999). Until the jury finds at least one preliminary threshold "intent" factor and one statutory aggravating factor, a defendant may only be sentenced to life. *See* 18 U.S.C. §§ 3591(a) and 3593(d). Consequently, these factors increase the penalty for premeditated murder beyond the otherwise maximum sentence of life imprisonment. They must be charged in the Indictment, submitted to the petit jury, and proved beyond a reasonable doubt. *See United States v. Higgs*, 353 F.3d 281, 298 (4th Cir. 2003).

Conversely, non-statutory aggravating factors are not "facts legally essential to the punishment" that must be included in the Indictment. *See Blakely*, 542 U.S. at 313. "They are neither sufficient nor necessary under the FDPA for a sentence of death." *United States v. Purkey*, 423 F.3d 738, 749 (8th Cir. 2005). The jury does not even

4

consider non-statutory aggravating factors until *after* the defendant is determined to be death-eligible. *United States v. Bourgeois*, 423 F.3d 501, 507 (5th Cir. 2005). Hence, they do not increase the maximum punishment to which a defendant is subjected. *Purkey*, 428 F.3d at 749. Rather, their purpose is to assist the jury in making an "individualized determination on the basis of the character of the individual and the circumstances of the crime" of whether the defendant should receive the death penalty or life imprisonment. *Higgs*, 353 F.3d at 298 (quoting *Tuilaepa v. California*, 512 U.S. 967, 972 (1994)). Therefore, "[a]ny . . . nonstatutory aggravating factors may be fairly viewed as sentencing considerations." *Higgs*, 353 F.3d at 299.

Noteworthy, numerous other courts rejected similar arguments. *See e.g., United States v. LeCroy*, 441 F.3d 914, 922 (11th Cir. 2006) (holding that failure to include non-statutory aggravating factors in the indictment does not violate relevant case law, and does not constitute constitutional or statutory error); *United States v. Lentz*, 225 F.Supp.2d 672, 681-82 (E.D. Va. 2002) (holding that although non-statutory aggravating factors play a crucial role in the selection decision, the Fifth Amendment is not implicated because a finding of non-statutory aggravating factors does not increase the penalty for a crime beyond the prescribed statutory maximum); *United States v. Hargrove*, 2005 WL 1041340 at *2 (D. Kan. Feb. 25, 2005) ("[b]ecause non-statutory factors are not required to be included in the indictment, the court finds that the indictment . . . was constitutionally sufficient to qualify the defendant for death under the FDPA"); *United States v. Sampson*, 275 F. Supp.2d at 100 ("[t]he contrast between statutory aggravating factors and non-statutory aggravating factors is even clearer in light of *Ring*. [T]he statutory aggravating factors have now been deemed to be the

5

functional equivalents of offense elements and . . . must be charged in the indictment. However, . . . non-statutory factors need not be alleged in the indictment); *United States v. Taylor*, 302 F.Supp.2d 901, 906-07 (N.D. Ind. 2003) ("[n]either the holdings in *Apprendi* nor *Ring* require that the non-statutory aggravating factors be charged in the indictment.").

## IV. CONCLUSION

The Court finds the Government did not err in omitting the non-statutory aggravating factors from the Indictment.

The Court **DENIES** Watson's motion.

However, as the Court noted in a prior Order (Regarding Doc. #193), because the rules of evidence are relaxed at the penalty phase, care must be given that evidence related to "eligibility" issues is not considered or confused with evidence related to non-statutory aggravating factors. The jury will find at least one preliminary threshold "intent" factor and one statutory aggravating factor before it is allowed to consider non-statutory aggravating factors.

**IT IS ORDERED.**

                                             s/Victoria A. Roberts
                                             Victoria A. Roberts
                                             United States District Judge

Dated: December 28, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 28, 2007.
>
> s/Linda Vertriest
> Deputy Clerk