UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,  /
    Plaintiff,  /
                       /    Case No. 05-CR-80025
vs.  /
                       /    HON. BERNARD A. FRIEDMAN
D1- TIMOTHY DENNIS O'REILLY  /    HON. VICTORIA A. ROBERTS
D-2 NORMAN DUNCAN  /
D-3 KEVIN WATSON  /
D-4 ARCHIE BROOM,  /
    Defendants.  /
_____  /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT KEVIN WATSON'S MOTION FOR ACCESS TO JURY
SELECTION RECORDS AND MATERIALS**

**I.  Introduction**

This matter is before the Court on Defendant Kevin Watson's Motion for Access to Jury Selection Records and Materials, pursuant to the Jury Selection and Service Act ("JSSA"), 28 U.S.C. § 1861, *et seq*. The Government responded, and Defendant Watson replied. This motion was originally filed before Judge Victoria A. Roberts. Pursuant to E.D.Mich. Admin. Order No. 00-AO-060, however, motions for disclosure of juror information are to be decided by the Chief Judge of the Eastern District of Michigan, and this motion is properly before this Court. Pursuant to E.D.Mich. LR 7.1(e), the Court will decide this motion without oral argument.

**II.  Background**

Defendant Watson is charged in Counts I, II and III of the Second Superseding Indictment with conspiring to commit bank robbery, bank robbery and use of a firearm in the commission of a crime of violence. The Government is seeking the death penalty, and has

1

provided the required notice under 18 U.S.C. § 3593(a).

Defendant's motion requests that the Court allow Defendant an "unqualified right" to inspect, and copy if necessary, records or papers used by the jury commission or clerk in connection with the jury selection process for the purpose of determining whether or not there exists the possibility of a meritorious challenge to the jury selection procedures in the district. More specifically, Defendant seeks to inspect, and copy if necessary, the following:

> (a) all information, materials, reports and data compilations concerning the selection and summoning process;
> (b) the total number of persons in the source or sources and the actual copy or copies of the source list or lists from which the initial selections were made.
> (c) the total number of persons at each subsequent step and the actual forms or materials used in those steps.
> (d) the completed questionnaires of all persons qualified for service;
> (e) the completed questionnaires of all persons disqualified, excused, or exempted, and any other materials or information concerning these determinations (including requests for excusal and exemption and orders or notations concerning excusals, exemptions and disqualifications);
> (f) all records related to the summoning or jurors for grand jury or petit jury service, including all records or documents relating to the excusal or disqualification of any potential grand or petit juror summoned; and
> (g) all surveys regarding the composition of the master or qualified jury panel (typically compiled on Form JS-12).

Dft's Motion, pp. 3-4.

Defendant does not provide a time period for which he deems such records to be relevant to his request.

### III.    Analysis

As an initial matter, the Court notes that the scope of Defendant's request is very broad. In addition, while the Government has filed a response brief, the burden of this request will fall not on the Government, but rather on the Court and its Jury Department. A number of the items

2

that Defendant seeks will entail a heavy burden in terms of time and cost. Finally, the Court notes that if it allows Defendant to obtain this information, then it is certain that defendants in the future will seek the same or similar information, which will cause a tremendous administrative burden.

Defendant brings his motion pursuant to 28 U.S.C. §1867(f) of the JSSA, which states in relevant part:

> (f) The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section . . . The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.

28 U.S.C. §1867(f).

Defendant argues that such materials are necessary in order for him to determine whether to pursue a motion provided for in subsection (a) of the above statute, which states in relevant part:

> (a) In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

28 U.S.C. §1867(a).

In response, the Government states that while Defendant is entitled to master lists from which the grand jurors were selected and the master list from which the petit jurors will be selected, and accompanying demographic data, his additional requests should be denied.

In late 2000 the Court entered an administrative order, entitled In re: Disclosure of Juror

Information. It states, in relevant part:

> . . . In preparation for resolution of a motion challenging the composition of a jury wheel or panel on the basis of race or ethnicity or both, the Court urges judges of this bench to limit the scope of any order permitting inspection and/or recording of juror questionnaire information as follows: juror number; race; Hispanic ethnicity.
>
> Accordingly,
>
> IT IS ORDERED that in the event that a party moves for the provision of juror information beyond that contemplated in this Administrative Order, such motion will be referred to the Chief Judge; the Court assigns to the Chief Judge the responsibility of reviewing and ruling upon the propriety of providing any such additional juror information for good cause shown by the movant, on a case-by-case basis.

Administrative Order No. 00-AO-060.

The Court's current Jury Selection Plan has been approved by the Judicial Council of the Sixth Circuit. E.D.Mich. Admin. Order No. 00-AO-083.[1] Under the Court's current Jury Selection Plan, the Court uses the following source lists to identify prospective jurors: a list of registered voters, which is provided by Michigan's Secretary of State; a list of licensed drivers, which is also provided by Michigan's Secretary of State; and a list of people who have been issued a personal identification card by the Michigan Secretary of State. The Court acquires these lists from the State of Michigan in electronic format, and uses a "purely randomized process through a properly programmed electronic data processing system" to select names from those lists. E.D.Mich. Admin. Order No. 00-AO-083(g)(2).

After names are randomly selected from the source lists, those names are placed in the master jury wheel. Once the master wheel has been composed, the Court will randomly select

---

[1] For a description of the Court's previous jury selection plan, see United States v. Brown, 128 F.Supp.2d 1034, 1036-37 (E.D.Mich. 2001).

names from the master wheel, and sends those individuals a juror qualification questionnaire to ensure that those individuals are qualified to serve as jurors, as defined by 28 U.S.C. § 1856(b). In addition, people may be excused from jury services for the reasons stated in 28 U.S.C. § 1863(b)(6).

After the Court has determined which individuals are qualified for jury service, and are neither exempt nor excused, the Court places the names of those individuals in the qualified jury wheels for each division. The Court randomly selects qualified jurors from the qualified jury wheel for service on both petit and grand juries.

Based on the language of the JSSA, and what Defendant contends to be the Supreme Court's interpretation of it, Defendant argues that he is entitled to have wide access to the Court's jury selection records, in spite of Admin. Order No. 00-AO-060, discussed above. In *Test v. United States*, 420 U.S. 28 (1975), the Supreme Court addressed a motion that had been filed under the JSSA. In his motion to the lower court, petitioner claimed that the master lists from which his grand jury had been, and petit jury would be, selected systematically excluded disproportionate numbers of people with Spanish surnames, students, and Blacks, violating both petitioner's Sixth Amendment rights and the JSSA.

The Supreme Court, after quoting § 1867(f) of the JSSA, held, "[t]his provision makes clear that a litigant has essentially an unqualified right to inspect jury lists." Id. at 30. Defendant now asks the Court to apply this holding to virtually all papers that pass through the Court's Jury Department. The Supreme Court, however, was faced only with the issue of jury lists, and its holding of an "unqualified right" applied only to such lists. Defendant can not now expect the Court to apply this limited holding to the current list of materials that he seeks. The Court notes

that at no point did the Supreme Court define "jury lists" or state that "jury lists" equates to any and all records or papers maintained by the Court's clerk. Therefore, while Defendant has an "unqualified right" to inspect "jury lists," there is no reason to believe that the Supreme Court's opinion gives Defendant an unqualified right to all records or papers relating to the jury selection process. The Supreme Court, during its discussion of petitioner's "unqualified right," did not address the issue of a defendant's right to the materials presently sought, and the Court declines to expand the Supreme Court's holding in this case.

The Court reads the plain language of the JSSA to mean that Defendant's unqualified right to records or papers encompasses only such data as Defendant needs to challenge the jury selection process. This interpretation of the JSSA finds support in the Seventh Circuit's opinion in *United States v. Davenport*, 824 F.2d 1511, 1514 (7th Cir. 1987). There, the defendant sought completed juror questionnaire forms, and argued that such evidence would demonstrate that the juror selection plan at issue excluded a disproportionate number of Black and Hispanic citizens and students. In denying defendant's motion, the Seventh Circuit stated that, under *Test*, the defendant had an unqualified right to see the juror lists themselves, but that § 1867(f) of the JSSA limits a litigant's access only to data that is "necessary" in the litigant's preparation of a motion. Id. at 1514-15. It held that such information was not "necessary" to challenge the jury selection process because much of the information that the defendant sought was already publicly available. The Seventh Circuit further stated, "[t]o give the defendant an absolute right of routine access to all materials would be an amendment of the Act." Id. at 1515.

Other courts have reached similar conclusions. *See, e.g.,* United States v. Rice, 489 F.Supp.2d 1312 (S.D.Ala. 2007)(under the JSSA, Defendant has no right to inspect entire

original source list received from Secretary of State; no right to inspect juror questionnaires; and no right to inspect data concerning prospective jurors who ignored summonses or failed to appear for jury service); United States v. Diaz, 236 F.R.D. 470 (N.D.Cal. 2006)(under the JSSA, Defendant does not have a right to disclosure of jury questionnaires of the grand jury that indicted defendant or completed jury questionnaires of those persons not qualifying for service).

The Court notes that Defendant can obtain the information that he needs to challenge the Court's jury selection procedure from publicly available sources. The JSSA only prohibits the Court clerk from disclosing records or papers from the jury selection process for all master wheels which have not yet been emptied. The records or papers from all other master jury wheels are kept on public record in the Court clerk's office for at least four years. 28 U.S.C. § 1868. Thus, much of the information that Defendant requests is available to him without court order. As noted, Defendant did not specify a time period for which he seeks information. However, if he seeks to challenge the jury selection process as a whole, which is what a challenge under the JSSA provides for, and not simply the selection of the grand jury relevant to his case, then the historical records that are publicly available are sufficient. Further, under the applicable administrative order, Defendant is entitled to information regarding juror number, race and Hispanic ethnicity for the current jury wheels, which the Court shall allow Defendant to access. E.D.Mich. Admin. Order No. 00-AO-060.

The statutory right provided for under the JSSA is the "right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. A claim that this right is being violated "requires a showing of underrepresentation of a distinct group." U.S. v. Ovalle, 136 F.3d 1092, 1099 (6th

7

Cir. 1998). The combination of information that is publicly available, and information that will be provided pursuant to the Court's Administrative Order, provides sufficient materials for Defendant to determine whether to pursue a motion under the JSSA. Accordingly, the Court finds that Defendant has not demonstrated good cause, as required under the Court's Administrative Order, for additional information and materials. Through an examination of publicly available records and current information regarding juror number, race and Hispanic ethnicity, Defendant will be able to determine whether to pursue a motion that requires such a showing.

**IV.    Conclusion**

Accordingly,

IT IS ORDERED that pursuant to E.D. Mich. Admin. Order No. 00-AO-060, Defendant is allowed to inspect the following materials: juror number; race; and Hispanic ethnicity in the current qualified jury wheel. Otherwise, Defendant's Motion for Access for Access to Jury Selection Records and Materials is DENIED.

>                               s/Bernard A. Friedman
>                               Bernard A. Friedman
>                               United States District Judge

Dated: January 10, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2008, by electronic and/or ordinary mail.

>                               s/Carol Mullins
>                               Case Manager