UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 05-80025
                                      HONORABLE VICTORIA A. ROBERTS

v.

D-1 TIMOTHY DENNIS O'REILLY
D-2 NORMAN DUNCAN
D-3 KEVIN WATSON,

        Defendant(s).
_____/

## ORDER

**I.    INTRODUCTION**

Defendants Timothy O'Reilly ("O'Reilly"), Norman Duncan ("Duncan"), and Kevin Watson ("Watson") are charged in count two of the Second Superseding Indictment ("Indictment") with bank robbery, in violation of 18 U.S.C. §2113(a). The Indictment also alleges the robbery falls within 18 U.S.C. §2113(e) because Norman Anthony Stephens was killed. Section 2113(e) sets forth the punishment for a killing during a bank robbery.

The Court finds 18 U.S.C. §2113(e) means O'Reilly, Duncan, and Watson shall be punished by death or life imprisonment if convicted on count two.

**II.    APPLICABLE LAW AND ANALYSIS**

"It is . . . well settled . . . that when interpreting statutes, '[t]he language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear.'" *United States v. Boucha*, 236 F.3d 768, 774

1

(6th Cir. 2001) (quoting *United States v. Choice*, 201 F.3d 837, 240 (6th Cir. 2000)).

> Under 18 U.S.C. §2113(e):
>
> Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.

One portion of the statute is clear: if a person forces another person to accompany him without consent while committing a bank robbery, he faces a mandatory minimum sentence of ten years.

Other provisions of the statute lack clarity and are subject to more than one interpretation.  Section 2113(e) can be read to mean if a person kills another person while: (1) committing a bank robbery; (2) avoiding/attempting to avoid apprehension for the commission of a bank robbery; or (3) freeing/attempting to free himself from arrest/confinement for bank robbery, he faces a mandatory minimum sentence of ten years.  It can also be read to mean if a person causes someone to die (intentionally or unintentionally) while doing any of the above acts, he faces death or life imprisonment. Another interpretation is that the language "or if death results shall be punished by death or life imprisonment," applies only to kidnapping.  "[I]f the language in the statute is not clear, courts may resort to the legislative history to ascertain the meaning of the language."  *Boucha*, 236 F.3d at 744 (citations omitted).

Before the Violent Crime Control and Law Enforcement Act of 1994 ("Violent Crime Act") was enacted, 18 U.S.C. §2113(e) read:

> Whoever, in committing any offense defined in this section, or in avoiding

> or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.

The language was clear: (A) if a person killed another person while: (1) committing a bank robbery; (2) avoiding/attempting to avoid apprehension for the commission of a bank robbery; or (3) freeing/attempting to free himself from arrest/confinement for bank robbery; or (B) if a person forced another person to accompany him without consent while doing any of the above acts, the mandatory minimum sentence was ten years. If the jury decided it was appropriate, the defendant could be punished by death. Title Six of the Violent Crime Act is called "The Federal Death Penalty Act of 1994" ("FDPA"). The FDPA makes certain federal offenses subject to the death penalty. It became effective on September 13, 1994. Section 18 U.S.C. §2113(e) was also amended on September 13, 1994. Congress substituted "or punished by death if the verdict of the jury shall so direct" with "or if death results shall be punished by death or life imprisonment."

Because Congress amended section 2113(e) when it enacted the FDPA and specifically added "or if death results," it is clear Congress wanted the death penalty to be an option for a violation of 18 U.S.C. §2113, but only when defendant's actions caused someone to die.

With this legislative history background, the Court interprets 18 U.S.C. §2113(e) to mean: if a person kills someone or if death results (e.g., heart attack) while that person: (1) commits a bank robbery; (2) avoids/attempts to avoid apprehension for the

commission of a bank robbery; (3) frees/attempts to free himself from arrest/confinement for bank robbery; or (4) forces another to accompany him without consent while engaged in (1), (2), or (3), he faces death or life imprisonment. If death does not result, the minimum penalty is ten years; no maximum is set.

Because the Court finds the statute is clear after considering the legislative history, the rule of lenity is inapplicable. *See Boucha*, 236 F.3d at 744 ("If the statute remains ambiguous after consideration of its plain meaning, structure and legislative history, the rule of lenity is applied in favor of criminal defendants.").

### III. CONCLUSION

If convicted on count two, O'Reilly, Duncan, and Watson face death or life imprisonment, under 18 U.S.C. §2113(e).

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 1, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 1, 2008.
>
> s/Linda Vertriest
>
> Deputy Clerk