UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

D1- TIMOTHY DENNIS O'REILLY
D-2 NORMAN DUNCAN
D-3 KEVIN WATSON
D-4 ARCHIE BROOM,
    Defendants.

Case No. 05-CR-80025

HON. BERNARD A. FRIEDMAN
HON. VICTORIA A. ROBERTS

**OPINION AND ORDER CLARIFYING JANUARY 10, 2008 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT KEVIN WATSON'S MOTION FOR ACCESS TO JURY SELECTION RECORDS AND MATERIALS AND DENYING MOTION FOR RECONSIDERATION**

**I.**     **Introduction**

This matter is before the Court on Defendant Kevin Watson's Motion for Clarification and/or Reconsideration of the Court's January 10, 2008 Opinion and Order Granting in Part and Denying in Part Defendant Kevin Watson's Motion for Access to Jury Selection Records and Materials, pursuant to the Jury Selection and Service Act ("JSSA"), 28 U.S.C. § 1861, *et seq*. This motion was originally filed before Judge Victoria A. Roberts. Pursuant to E.D.Mich. Admin. Order No. 00-AO-060, however, motions for disclosure of juror information are to be decided by the Chief Judge of the Eastern District of Michigan, and this motion is properly before this Court. Pursuant to E.D.Mich. LR 7.1(e), the Court will decide this motion without oral argument.

1

## II. Background

Defendant's original motion requested that the Court allow Defendant an "unqualified right" to inspect, and copy if necessary, records or papers used by the jury commission or clerk in connection with the jury selection process for the purpose of determining whether or not there exists the possibility of a meritorious challenge to the jury selection procedures in the district. More specifically, Defendant sought to inspect, and copy if necessary, the following:

    (a)    all information, materials, reports and data compilations concerning the selection and summoning process;
    (b)    the total number of persons in the source or sources and the actual copy or copies of the source list or lists from which the initial selections were made.
    (c)    the total number of persons at each subsequent step and the actual forms or materials used in those steps.
    (d)    the completed questionnaires of all persons qualified for service;
    (e)    the completed questionnaires of all persons disqualified, excused, or exempted, and any other materials or information concerning these determinations (including requests for excusal and exemption and orders or notations concerning excusals, exemptions and disqualifications);
    (f)    all records related to the summoning or jurors for grand jury or petit jury service, including all records or documents relating to the excusal or disqualification of any potential grand or petit juror summoned; and
    (g)    all surveys regarding the composition of the master or qualified jury panel (typically compiled on Form JS-12).

Dft's Motion, pp. 3-4.

## III. Analysis

In its January 10, 2008 Opinion and Order ("the Order"), the Court determined that the information necessary for Defendant to decide whether to file a motion pursuant to the JSSA was available through a combination of an inspection of the records that are publicly maintained by the Court clerk, pursuant to 28 U.S.C. § 1868, and an inspection of juror questionnaire

information regarding juror number, race and Hispanic ethnicity in the current qualified wheel, as provided for in Administrative Order No. 00-AO-060.

Defendant, in its motion, seeks modification of the Order to extend access to demographic data concerning the master wheel as well as the qualified wheel. Defendant further seeks access to "any and all statistical demographic surveys, summaries or reports, such as the Report on Operation of Jury Selection Plan (Form JS-12), regarding both the current master and qualified wheels." Dft. Brief, p. 3.

Regarding Defendant's first request, the Court finds that access to demographic data concerning the current master and qualified jury wheels is appropriate. U.S. v. Rice, 489 F.Supp. 2d 1312, 1317-18 (S.D.Ala. 2007). However, the right to inspection under § 1867(f) begins and ends with the relevant master jury list, and accompanying demographic data. See, e.g., U.S. v. McLernon, 746 F.2d at 1098, 1123 (6th Cir. 1984) ("we conclude that appellant's unqualified right to inspection was satisfied by disclosure of the Master Lists and the relevant demographic data about the general pool from which the specific grand jurors were selected").

Accordingly, pursuant to E.D.Mich. Amin. Order No. 00-AO-060, Defendant is allowed to inspect the following materials in the current qualified and master jury wheels: juror number; race; and Hispanic ethnicity. Defendant is not automatically entitled to surveys, summaries and/or reports regarding the current jury wheels, whether qualified or master. If, however, the Court Clerk's method of providing the information that is permitted pursuant to Amin. Order No. 00-AO-060 is via a survey, summary and/or report, then such provision is permitted. However, the Court will leave the method of provision of the above demographic data to the Court Clerk, as it is the Court Clerk that maintains these materials.

Regarding Defendant's second request, it is unclear whether Defendant seeks access to "any and all statistical demographic surveys, summaries or reports, such as the Report on Operation of Jury Selection Plan (Form JS-12)" for only the current master and qualified jury wheels or to previous wheels as well. Defendant's motion appears to seek information regarding previous wheels, while his brief only addresses the current wheel. Regardless, the Court declines to grant a request seeking "any and all" reports, surveys and/or summaries. Access to the current wheels is discussed above. Regarding previous wheels, the Court limits access to those materials that are publicly available pursuant to 28 U.S.C. § 1868. If such publicly available materials include the reports, surveys and/or summaries that Defendant seeks, then that is fine. However, the Court will not order access to records that the Jury Department and/or the Court Clerk have not previously been required to maintain for public access.

## IV.    Order

Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration and/or Clarification is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that pursuant to E.D. Mich. Admin. Order No. 00-AO-060, Defendant is allowed to inspect the following materials: juror number; race; and Hispanic ethnicity in the current master and qualified jury wheels. The form of access to such materials is to be determined by the Court Clerk, in accordance with whichever method the Court Clerk uses to maintain such data.

<pre>
                                            s/Bernard A. Friedman
                                            Bernard A. Friedman
                                            United States District Judge
</pre>

Dated: February 4, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 4, 2008, by electronic and/or ordinary mail.

                                                    s/Carol Mullins
                                                    Case Manager