UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, /
    Plaintiff, /
/   Case No. 05-CR-80025
vs. /
/   HON. BERNARD A. FRIEDMAN
D1- TIMOTHY DENNIS O'REILLY /   HON. VICTORIA A. ROBERTS
D-2 NORMAN DUNCAN /
D-3 KEVIN WATSON /
D-4 ARCHIE BROOM, /
    Defendants. /
_____ /

**OPINION AND ORDER DENYING DEFENDANT KEVIN WATSON'S MOTION TO DISMISS INDICTMENT AND TO STAY PROCEEDINGS AND FOR ADDITIONAL ACCESS TO JURY SELECTION RECORDS**

**I.**    **Introduction**

This matter is before the Court on Defendant Kevin Watson's Motion To Dismiss Indictment and to Stay Proceedings and for Additional Access to Jury Selection Records. While Defendant's motion is entitled as such, it is in substance actually a second motion for reconsideration of the Court's January 10, 2008 Opinion and Order Granting in Part and Denying in Part Defendant Kevin Watson's Motion for Access to Jury Selection Records and Materials, pursuant to the Jury Selection and Service Act ("JSSA"), 28 U.S.C. § 1861, *et seq*.

Defendant states that information he anticipates finding as a result of additional access to jury selection records will provide a basis for the portion of his motion seeking dismissal of the indictment and a stay of all further proceedings in this case.

This motion was originally filed before Judge Victoria A. Roberts. Pursuant to E.D.Mich. Admin. Order No. 00-AO-060, however, motions for disclosure of juror information

1

are to be decided by the Chief Judge of the Eastern District of Michigan, and the portion of this motion regarding disclosure of juror information is properly before this Court. Pursuant to E.D.Mich. LR 7.1(e), the Court will decide this motion without oral argument.

## II. Background

Defendant's original motion requested that the Court allow Defendant an "unqualified right" to inspect, and copy if necessary, records or papers used by the jury commission or clerk in connection with the jury selection process for the purpose of determining whether or not there exists the possibility of a meritorious challenge to the jury selection procedures in the district. More specifically, Defendant sought to inspect, and copy if necessary, the following:

> (a) all information, materials, reports and data compilations concerning the selection and summoning process;
> (b) the total number of persons in the source or sources and the actual copy or copies of the source list or lists from which the initial selections were made.
> (c) the total number of persons at each subsequent step and the actual forms or materials used in those steps.
> (d) the completed questionnaires of all persons qualified for service;
> (e) the completed questionnaires of all persons disqualified, excused, or exempted, and any other materials or information concerning these determinations (including requests for excusal and exemption and orders or notations concerning excusals, exemptions and disqualifications);
> (f) all records related to the summoning or jurors for grand jury or petit jury service, including all records or documents relating to the excusal or disqualification of any potential grand or petit juror summoned; and
> (g) all surveys regarding the composition of the master or qualified jury panel (typically compiled on Form JS-12).

Dft's Motion, pp. 3-4.

## III. Analysis

In its January 10, 2008 Opinion and Order ("the Order"), the Court determined that the

2

information necessary for Defendant to decide whether to file a motion pursuant to the JSSA was available through a combination of an inspection of the records that are publicly maintained by the Court clerk, pursuant to 28 U.S.C. § 1868, and an inspection of juror questionnaire information regarding juror number, race and Hispanic ethnicity in the current qualified wheel, as provided for in Administrative Order No. 00-AO-060.

Defendant, in its present motion, seeks additional information, a request which this Court has denied in its January 10, 2008 and February 4, 2008 Orders.

As explained in previous orders, the right to inspection under § 1867(f) begins and ends with the relevant master jury list, and accompanying demographic data. See, e.g., U.S. v. McLernon, 746 F.2d at 1098, 1123 (6th Cir. 1984) ("we conclude that appellant's unqualified right to inspection was satisfied by disclosure of the Master Lists and the relevant demographic data about the general pool from which the specific grand jurors were selected").

As the Court ruled in its January 10, 2008 and February 4, 2008 Orders, the information necessary for Defendant to decide whether to file a motion pursuant to the JSSA is available through inspection of the records that the Court has made available to Defendant. Defendant's veiled second motion for reconsideration does not alter this ruling.

**IV.     Order**

Accordingly,

IT IS ORDERED that Defendant Kevin Watson's Motion for Additional Access to Jury Selection Records is DENIED.

IT IS FURTHER ORDERED that Defendant Kevin Watson's Motion to Dismiss Indictment and Stay Proceedings is remanded to Judge Roberts.


Dated: April 10, 2008                         s/Bernard A. Friedman
      Detroit, Michigan               BERNARD A. FRIEDMAN
                                        CHIEF UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman