**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        Plaintiff(s),          CASE NUMBER: 05-80025
                                            HONORABLE VICTORIA A. ROBERTS

v.

**D-3 KEVIN WATSON**,

        Defendant(s).
_____/

**ORDER**

**I.**    **INTRODUCTION**

This matter is before the Court on Defendant Kevin Watson's ("Watson") "Motion to Dismiss Indictment and to Stay Proceedings and for Additional Access to Jury Selection Records." (Doc. #332).

Watson provided the Court a chart he prepared after reviewing: (1) the demographics of the master and qualified grand jury wheels; and (2) a statistical summary of the qualified wheel. The chart shows African-Americans and Hispanic/Latino-Americans are under-represented on the qualified grand jury wheel.

Watson believes the under-representation stems from six "systematic factors" in the qualified grand jury wheel selection process: (1) an under-representation of African-Americans and Hispanic/Latino-Americans on the source lists for potential jurors; (2) problems in merging the source lists; (3) stale addresses in the source lists; (4) inadequate follow-up procedures for potential jurors who do not return qualification questionnaires; (5) balancing the master grand jury wheel by county based upon the

1

voter registration list alone, even though the Jury Selection Plan says the master wheel is to be created using a combination of the voter registration list, the driver's license list, and the personal identification card list; and (6) the failure to ensure the appearance of summoned jurors.

Watson submitted a "Declaration of Jeffrey O'Neal Martin" to support his position. Martin is a consultant on jury pool analysis and actuarial issues. He also serves as a consultant to political campaigns on issues related to voting data and projections. In addition, Martin is an expert witness on statistics and on the procedures used to produce jury pools in the Northern District of Georgia, the Northern District of Alabama, and numerous State Superior Courts in Georgia.

While Watson believes the under-representation of African-Americans and Hispanic/Latino-Americans on the qualified grand jury wheel violates his constitutional and statutory rights, he needs jury selection records regarding the "systematic factors" to prove a prima facie case. *See Duren v. Missouri*, 439 U.S. 357, 364 (1979) (a prima facie violation of the fair-cross-section requirement requires a defendant to show, *inter alia*, the under-representation is due to "systematic" exclusion of the group in the jury selection process).

Watson asked the Court for access to those records and an evidentiary hearing that includes testimony from juror selection officials. As is required by our Administrative Orders (E.D. Mich. Admin. Order No. 00-AO-060), this Court referred part of Watson's request seeking certain jury selection materials to the Chief Judge. In his motion, Watson asks the Court to dismiss his Indictment and stay further proceedings until the grand jury selection procedure in the United States District Court

for the Eastern District of Michigan - Southern Division ("Southern Division") conforms with the United States Constitution and the Jury Selection and Service Act of 1968, 28 U.S.C. §1861 *et seq*.

The Chief Judge denied Watson's request for jury selection records regarding the "systematic factors." *See* Order dated April 10, 2008. However, in previous orders, the Chief Judge granted Watson access to and inspection of other records. *See* Orders dated January 10, 2008 and February 4, 2008. The Chief Judge remanded Watson's motion to dismiss his Indictment and stay further proceedings to this Court.

This Court held an evidentiary hearing on August 21, 2008. Jeffrey O'Neal Martin and Theresa M. Hryshko, the Jury Administrator, testified. Ms. Hryshko introduced evidence consistent with the Chief Judge's Orders regarding the grand jury selection procedure in the Southern Division.

For the following reasons, Watson's motion is **DENIED WITHOUT PREJUDICE**.

## II. EVIDENTIARY HEARING AND WATSON'S POST-HEARING MOTION

The evidence presented at the evidentiary hearing – in addition to this Court's observation that the African-American community is under-represented in jury panels – suggests the jury selection procedure in the Southern Division is defective. The "systematic factors" Watson points to may be the cause of a defect.

However, to prove which "systematic factor(s)," if any, cause the under-representation, Watson needs: (1) computer files for the master jury wheels from 2000 through the present; (2) programs or other procedures used to compile and merge the source lists to create the master jury wheels; and (3) computer files maintained by the

Clerk's office regarding the qualified jury wheels from which the grand jury was selected in his case, as well as the qualified jury wheels from 2000 through 2002 and 2004 through 2006. Watson filed a Post-Hearing Motion for Access to and Production of Material Evidence (Doc. #355) requesting this information. Again, as required by our Administrative Orders, the Chief Judge considered this motion.

To further support his post-hearing request for information, Watson filed a "Supplement to Post-Hearing Motion for Access to and Production of Material Evidence" on November 18, 2008. (Doc. #360). The supplement is the National Center for State Courts, Court Services Division's "Third Judicial Circuit of Michigan Jury System Assessment" ("Third Circuit Report") dated August 2, 2006. The Third Circuit is the largest circuit court in Michigan. It has jurisdiction over civil, criminal, and family matters arising in Wayne County.

The Third Circuit Report says: (1) between 2004-2005, the proportion of African-Americans in the Third Circuit jury pool was approximately half of what was expected given their representation in the community; and (2) the contributing factors to the level of disparity include under-representation of African-Americans on the source list (comprised of a list of licensed drivers and state identification card holders), removal from consideration for jury service of those individuals who previously failed to respond to qualification questionnaires, and the non-response rate. According to the Third Circuit Report, Hispanic representation in the jury pool suffers from many of the same problems as African-American representation.

Watson says the Third Circuit Report is significant because the representation of African-Americans in a jury pool in the Southern Division is substantially affected by

4

problems with the jury selection procedure in Wayne County, where approximately 80% of potential African-American jurors for the Southern Division come from.

28 U.S.C. §1867(f) allows a defendant access to "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process . . . as may be necessary in the preparation or presentation of a motion [to dismiss the indictment or stay the proceedings against him.]".

The Chief Judge denied Watson's Post-Hearing Motion.  *See* Order dated November 20, 2008.

Without access to the post-hearing records requested, Watson is unable to establish a prima facie "fair-cross-section" violation of the Sixth Amendment or a violation of the Jury Selection and Service Act, 28 U.S.C. §1861 *et seq.*

## III.   CONCLUSION

Watson's motion to dismiss his Indictment and stay further proceedings is **DENIED WITHOUT PREJUDICE**.  Watson may renew his motion if further investigation and review of the jury selection records he has access to, supports a prima facie case.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  December 15, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 15, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk