UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

v.                                     Case No:  05-80025
                                     Honorable Victoria A. Roberts

KEVIN WATSON,

       Defendant/Petitioner,

_____/

**ORDER DENYING MOTION TO VACATE SENTENCE
UNDER 28 U.S.C. § 2255 (DOC. #887) AND DENYING MOTION
TO COMPEL (DOC. #915)**

**I.     Nature of the Case**

      Kevin Watson files a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  Watson was charged and convicted on all counts by a jury on November 22, 2011 for: (1) 18 U.S.C. 371- Conspiracy to Commit Bank Robbery; (2) 18 U.S.C. 2113(a), (e) – Bank Robbery, Aiding and Abetting Resulting in Death; and (3) 18 U.S.C. 924(j)(1) – Premeditated Murder with a Firearm During and in Relation to a Crime of Violence.  On June 22, 2012, this Court sentenced Watson to life imprisonment on Count (2), a concurrent 60 months for Count (1), and a consecutive 120 months for Count (3).  The Sixth Circuit Court of Appeals affirmed his conviction and his writ of certiorari was denied.

      This Motion is **DENIED**.  In light of this denial, the Court also **DENIES** Watson's motion to compel his attorneys to produce their files.

### A.    Facts

In December 2001, Watson and other conspirators robbed an armored truck at the Dearborn Federal Credit Union ("DFCU") in Dearborn, Michigan.  The perpetrators killed a guard and stole $204,000 and the guard's gun.

The crime remained unsolved for three years until the Detroit FBI was contacted by a jailhouse informant with information related to the crime. The informant overheard Timothy O'Reilly discussing the DFCU robbery and hoped the information would garner a reward.  The FBI arranged for the informant to record his conversations with O'Reilly. O'Reilly described the robbery in detail during one of these conversations with the informant and revealed the names of his coconspirators, which included Watson.

Watson and his coconspirators were arrested and charged with the crime. Johnson and O'Reilly were both tried and convicted. Norman Duncan, Archie Broom, Khayyam Wilson, and Henry Matthews pleaded guilty.  During Watson's trial, Broom, Wilson, and Matthews testified against him.  Watson was convicted on all counts.  He appealed to the Sixth Circuit stating he was denied a fair trial because of the erroneous admission of evidence. The Sixth Circuit upheld his conviction. Case No. 12-2218.

### B.    Watson's Issues

Watson argues the following as grounds for his motion:

A.  The District Court erred by failing to charge him correctly under

18 U. S. C. § 2113, resulting in a violation of his Fifth and Fourteenth Amendment rights.

2

B.  Trial and appellate counsel provided ineffective assistance for failing to argue the Government did not meet an essential element of 18 U.S.C. § 2113, in violation of his Sixth and Fourteenth Amendment rights.

## II.    Standard of Review

A prisoner under sentence of a federal court may motion pursuant to 28 U.S.C. § 2255, to vacate, correct, or set aside the sentence on the grounds the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to a collateral attack." 28 U.S.C. § 2255.  To prevail on a § 2255 motion, Petitioner must show "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

## III.   Analysis

### A.    Whether the District Court Abused its Discretion

Watson says his Fifth and Fourteenth Amendment rights were violated because the District Court failed to properly charge him under 18 U.S.C. § 2113, Bank Robbery and Incidental Crimes.  Specifically, Watson claims the Government failed to carry its burden to prove DFCU was federally insured ("FDIC") as defined by § 2113(g):

As used in this section the term "credit union" means any Federal credit union and any State-chartered credit union the accounts of which are insured by the National Credit Union Administration Board, and any "Federal credit union" as defined in section 2 of the Federal Credit Union Act.  The term "State-chartered

credit union" includes a credit union chartered under the laws of a State of the
United States, the District of Columbia, or any commonwealth, territory, or
possession of the United States. 18 U.S.C. § 2113(g)

In response, the Government says this element was stipulated to twice; first, in
the Second Superseding Indictment (PgID 138) and again at trial.  The stipulation read:

It is agreed and stipulated between the undersigned counsel for the Government
and the undersigned counsel for Defendant Kevin Watson with express consent
of the Defendant, that the deposits and accounts of the Dearborn Federal Credit
Union were insured by the National Credit Union Administration Board during the
relevant time periods alleged in the Second Superseding Indictment. (PgID
12622).

Watson argues a defendant on trial cannot waive or stipulate to essential
elements of a charge against him.   To support his argument, Watson cites *U.S. v.
Sandles*, where the Sixth Circuit overturned a conviction against the defendant because
the Government failed to produce sufficient evidence that the bank defendant was
accused of robbing, was FDIC insured. *U.S. v. Sandles*, 469 F.3d 508 (6th Cir. 2006).
In *Sandles* and other cases cited by Watson, courts addressed the admissibility and
sufficiency of evidence presented by the government at trial on disputed issues. *See
Sandles*, 469 F.3d 508; *U.S. v. Holloway*, 259 F.3d 1199 (9th Cir. 2001); *U.S. v.
Platenburg*, 657 F. 2d 797 (5th Cir. 1981).

Here, the issue is whether the stipulation that DFCU was insured by the FDIC
fulfills the element under 18 U.S.C. § 2113(g). Watson does not argue he involuntarily
entered into the stipulation.  Nor has he presented evidence that the stipulation was

coerced. *Quinn v. United States*, 817 F.2d 105 (6th Cir. 1987). This stipulation was entered into evidence as the Government's Exhibit 10.1 at trial. This issue is without merit.

### B.      Attorneys Jeffrey Edison and Michael Dezsi were not Constitutionally Ineffective

Watson says his Sixth and Fourteenth Amendment rights were violated because his trial and appellate counsel were constitutionally ineffective because they failed to argue the Government did not prove the DFCU was federally insured under 18 U.S.C. § 2113(g).

Under the Sixth Amendment of the United States Constitution, a criminal defendant has the right to the assistance of counsel in his defense. U.S. Const. amend. VI, *see Strickland v. Washington*, 466 U.S. 668, 685 (1984). Criminal defendants retain their right to effective assistance of counsel through appeal. *Evitts v. Lucey*, 496 U.S. 387, 396 (1985). Under *Strickland*, a defendant must satisfy a two pronged test to prove ineffective assistance of counsel: (1) the counsel's representation "fell below an objective standard of reasonableness"; and (2) as a result, the defendant was prejudiced. *Strickland*, 466 U.S. at 690-92. When determining whether a counsel's performance was constitutionally ineffective, the court's scrutiny must be "highly deferential" to the counsel. *Id.* at 689.

The defendant has the burden to prove counsel "made errors so serious that counsel was not functioning as the counsel guaranteed a defendant by the Sixth Amendment…" such that defendant was denied a fair trial. *Wyniemko v. Smith*, 8 Fed.Appx. 357, 358 (6th Cir. 2001). To establish the second prong of the *Strickland* test,

2:05-cr-80025-VAR-RSW   Doc # 920   Filed 01/13/17   Pg 6 of 7   Pg ID 15101

the defendant must show, "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, U.S. 466 at 694. The court presumes counsel was effective, such that the petitioner must demonstrate a constitutional violation to carry his burden. *Wyniemko*, 8 Fed.Appx. at 358.

The performance of Watson's trial and appellate attorneys did not fall below an objective standard of reasonableness. The court gives deference to counsel decisions, which included stipulating to DFCU's status as an FDIC bank. Counsel was not ineffective for failing to raise an issue that was stipulated to at trial.

## IV.   Conclusion

Defendant's Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence is **DENIED**.

Finally, Watson filed a motion to compel his attorneys to produce their client files (Doc. #815). Counsel responded that their files were voluminous, in storage, and difficult to simply send via mail and emails, and without the Court authorizing payment to them for any costs incurred.

In light of the Order Denying Watson's 28 U.S.C. § 2255 motion, this motion to compel is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 13, 2017

6

2:05-cr-80025-VAR-RSW   Doc # 920   Filed 01/13/17   Pg 7 of 7   Pg ID 15102

The undersigned certifies that a copy of this document was served on the attorneys of record and Kevin Watson by electronic means or U.S. Mail on January 13, 2017.

s/Linda Vertriest
Deputy Clerk