UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

KEVIN WATSON,

    Defendant/Petitioner.
_____/

Case No. 05-80025
Honorable Victoria A. Roberts

## ORDER DENYING WATSON'S:
## (1) RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT [Doc. 927];
## (2) MOTION TO APPOINT COUNSEL [Doc. 931]; AND
## (3) FED. R. CRIM. P 41(g) MOTION FOR FULL ACCOUNTING [Doc. 935]

**I.    INTRODUCTION**

On January 13, 2017, the Court entered an order denying Kevin Watson's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence.

Following that order, Watson filed three motions which are now before the Court: (1) motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e); (2) motion to appoint counsel; and (3) motion for a full accounting under Federal Rule of Criminal Procedure 41(g).

Watson's motions are **DENIED**.

**II.    DISCUSSION**

    **A.    Motion to Amend or for Reconsideration [Doc. 927]**

Watson filed his motion to amend/for reconsideration on March 21, 2017. In his reply brief, Watson clarifies that his motion is a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). [Doc. 940, PgID 15245].

The government says: (1) Watson's Rule 59 motion is untimely because it was not filed within 28 days of the Court's order; and (2) the Court should construe Watson's new claims (i.e., arguments Watson did not make in his § 2255 motion) as a motion to file a second or successive application for § 2255 relief because the time for seeking appellate review of the order expired.

Under Rule 59, a party must file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). And, "[g]enerally, petitioners have 60 days [after entry of the judgment] to appeal from the denial of a § 2255 motion." *Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (citing Fed. R. App. P. 4(a)(1)(B) and Rule 11(b) of the Rules Governing § 2255 Proceedings for the United States District Courts).

However, because the Court did not enter a separate judgment as required by Fed. R. Civ. P. 58(a), the judgment was not considered "entered" until 150 days after the order denying Watson's motion was entered:

> Generally, petitioners have 60 days to appeal from the denial of a § 2255 motion, *see* Fed. R. App. P. 4(a)(1)(B) and Rule 11(b) of the Rules Governing § 2255 Proceedings for the United States District Courts (Habeas Rules), but Gillis had 210 days to file his appeal because the district court failed to enter a separate judgment, as required by Federal Rule of Civil Procedure 58(a).
>
> Gillis had sixty days to file his appeal from the time the judgment was entered. *See* Fed. R. App. P. 4(a)(1)(B). However, the district court's judgment was not considered 'entered' until February 6, 2012—150 days after it denied the § 2255 motion—because Federal Rule of Appellate Procedure 4(a)(7) defines a judgment as entered 150 days after entry in the civil docket in the absence of a separate judgment required under Civil Rule 58(a). Fed. R. App. P. 4(a)(7)(A)(ii). Civil Rule 58(a) requires a separate judgment for all decisions or orders, except for those made pursuant to Civil Rules 50(b), 52(b), 54, 59 or 60, see Fed. R. Civ. P. 58(a), none of which applies to Gillis's [§ 2255] motion. Because the district court denied Gillis's motion in a 'Memorandum of Opinion and

> Order,' and did not enter a separate judgment as required under Appellate Rule 4(a)(7) and Civil Rule 58(a), Gillis had 210 days—the 150 days mandated by Appellate Rule 4(a)(7), plus the standard 60–day window provided by Appellate Rule 4(a)(1)(B)—to file his appeal. Because Gillis filed his appeal within the 210–day window, his appeal was timely.

*Gillis*, 729 F.3d at 643.

Judgment entered on June 12, 2017 – i.e., 150 days from the date the Court entered the order denying his § 2255 motion. From that date, Watson had 28 days to file his Rule 59 motion and 60 days to file his appeal. Watson filed his motion to alter or amend the judgment well before then – on March 21, 2017 – making it timely under Rule 59(e).

Because Watson's motion was timely, the time for him to file an appeal runs from the date an order disposing of that motion is entered. *See* Fed. R. App. P. 4(a)(4)(A); *United States v. Brown*, 817 F.3d 486, 488 (6th Cir. 2016) ("A ruling on a timely filed Rule 59(e) motion restarts the civil deadline for filing a notice of appeal.").

Moreover, contrary to the Government's contention, "[Watson's] . . . motion to amend is not a second or successive application for § 2255 relief because the motion was filed before [he] forfeited [his] appellate remedies and thus before the adjudication of [his] § 2255 motion was decisively complete." *See Clark v. United States*, 764 F.3d 653, 659 (6th Cir. 2014). Thus, the Court must decide Watson's motion under Rule 59.

"Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* at 661 (citations and internal quotation marks omitted). This Court has "considerable discretion in deciding whether to grant Rule 59 motions." *Id.*

3

In his motion, Watson sets forth several new arguments not raised in his § 2255 motion, including that: (1) the Court lacked subject matter jurisdiction because the indictment failed to allege that the credit union's deposits were federally insured at the time of the robbery; (2) the stipulation was legally deficient because it was an essential element of the offense charged not in the indictment; (3) he never stipulated, or agreed to stipulate, that the deposits were federally insured; and (4) the jury instruction regarding the stipulation constituted error and violated his due process rights. Watson also repeats several of his claims from the § 2255 motion regarding ineffective assistance of trial and appellate counsel.

A motion under Rule 59(e) is not an appropriate vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *see also Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (a party "cannot use a Rule 59 motion . . . to raise arguments which could, and should, have been made before judgment issued."); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case.").

All of Watson's new arguments could have, and should have, been made in his § 2255 motion. For this alone, Watson's new arguments fail. They also fail to establish a basis for relief under Rule 59(e) when considered on the merits.

As discussed in the order denying Watson's § 2255 motion, the indictment does allege that the deposits were federally insured. Thus, the indictment satisfied the Sixth Amendment's requirement that it "inform the defendant of the nature and cause of the

4

accusation," because – in relevant part – it "contain[ed] the elements of the offense intended to be charged, and sufficiently apprise[d] the defendant of what he must be prepared to meet." *United States v. Piccolo*, 723 F.2d 1234, 1238 (6th Cir.1983) (citations and internal quotation marks omitted). Because the indictment contained the federally insured funds element, the Court has subject matter jurisdiction, and Watson's argument that the stipulation was legally deficient lacks merit.

Watson's argument regarding the voluntariness of the stipulation does not justify relief under Rule 59(e). Watson fails to present any newly discovered evidence, and he does not point to any clear error of law or intervening change in controlling law. Moreover, there is no need to prevent manifest injustice.

When the stipulation was placed on the record during trial, counsel for the government stated that the stipulation was entered into with the "express consent of [Watson]." Watson failed to object to the stipulation (or the jury instruction regarding the stipulation) at trial, and he failed to argue that the stipulation was involuntary on direct appeal or in his § 2255 motion. In response to Watson's § 2255 motion, the government pointed out that Watson stipulated to the federally insured funds element at trial; yet, in his reply brief, Watson still did not contest this point or argue that the stipulation was involuntary.

Because the record establishes that the stipulation was entered into with Watson's express consent, coupled with the fact that Watson inexcusably waited until now to claim that the stipulation was involuntary, the Court finds that Watson fails to demonstrate that his conviction constitutes "manifest injustice." *See Clark*, 764 F.3d at 662.

Watson's final new claim is that the Court's jury instruction regarding the stipulation – i.e., "With regard to stipulated facts, the Government and Kevin Watson stipulated, that is they agreed[,] to certain facts and you must therefore treat those facts as proven." [*see* Doc. 844, PgID 13411] – violated his due process rights because it impermissibly removed an element of the offense from the jury's consideration.

The Sixth Circuit held that a similar jury instruction was not "plain error." *See United States v. Jones*, 108 F.3d 668, 670, 672 (6th Cir. 1997). Plain error is the same as "clear error." *Id.* at 671 ("The term plain is synonymous with clear." (citation and internal quotation marks omitted)). Because such an instruction does not constitute clear error, Watson fails to show he is entitled to relief under Rule 59 on this issue. *See Clark*, 764 F.3d at 662.

Watson also fails to show that he is entitled to Rule 59 relief on his ineffective assistance of counsel claims. In making these arguments, Watson neither presents newly discovered evidence nor points to any clear error of law or intervening change in controlling law. Instead, Watson simply repeats arguments already considered and rejected. This is insufficient for the Court to alter or amend the judgment. *Id.*

Watson's motion to alter or amend the judgment is DENIED.

**B.     Motion to Appoint Counsel [Doc. 931] and Motion for a Full Accounting under Fed. R. Crim. P. 41(g) [Doc. 935]**

Watson moves under Federal Rule of Criminal Procedure 41(g) for "a full and complete accounting of all payments/credits made as to the ordered criminal monetary penalties in [this] case." He requests "the return of all seized property which has not been applied to the criminal monetary penalties in questioned."

6

Under Fed. R. Crim. P. 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Generally, "seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *United States v. Samp*, No. 17-50633, 2017 WL 2972142, at *2 (E.D. Mich. July 12, 2017) (quoting *United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981)).

Watson does not explain how Fed. R. Crim. P. 41(g) is relevant to his motion or how he was "aggrieved by an unlawful search and seizure of property or by the deprivation of property." His motion lacks adequate factual and legal support.

Watson's motion for a full accounting is DENIED.

Watson also moved for the appointment of counsel to help him with his Rule 59(e) motion to alter or amend judgment. This motion is DENIED as MOOT.

## III. CERTIFICATE OF APPEALABILITY

Before Watson may appeal the Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, the

Court may not conduct a full merits review; it must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court concludes that Watson failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted.

Finally, the Court finds that Watson should not be granted leave to proceed *in forma pauperis* on appeal; any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Watson's: (1) Rule 59(e) motion to alter or amend judgment; (2) Fed. R. Crim. P. 41(g) motion for a full accounting; and (3) motion to appoint counsel.

As set forth above, Watson is not entitled to a certificate of appealability, and he should not be granted leave to appeal *in forma pauperis*.

Furthermore, although a separate judgment is not necessary for an order disposing of a motion under Rule 59(e), *see* Fed. R. Civ. P. 58(a), and judgment was considered entered as of June 12, 2017, *see supra*, the Court will enter a separate judgment to err on the side of caution.

**IT IS ORDERED**.

<u>S/Victoria A. Roberts</u>
Victoria A. Roberts
United States District Judge

Dated: March 20, 2018