UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 05-80025
                                              Honorable Victoria A. Roberts

KEVIN WATSON,

    Defendant.
_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE/SENTENCE REDUCTION [ECF No. 967]

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ **GRANTED**

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to_____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

☐   This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐   There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel

arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

_____

_____

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

3

☐  The defendant's previously imposed conditions of supervised release are modified as follows:

_____

_____

_____

_____

_____

☐ **DEFERRED** pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before_____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ **DENIED** after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

A jury found Kevin Watson guilty of: (1) 18 U.S.C. § 371 – Conspiracy to Commit Bank Robbery; (2) 18 U.S.C. § 2113(a), (e) – Bank Robbery, Aiding and Abetting Resulting in Death; and (3) 18 U.S.C. § 924(j)(1) – Premeditated Murder with a Firearm During and in Relation to a Crime of Violence. In June 2012, the Court sentenced Watson to life imprisonment. Watson now moves the Court for compassionate release

4

based on his medical conditions and the COVID-19 pandemic.

The compassionate release statute allows the Court to release a defendant if, among other things, "extraordinary and compelling reasons warrant such a [release]," 18 U.S.C. § 3582(c)(1)(A)(i), and the applicable factors in 18 U.S.C. § 3553(a) support release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

Watson says extraordinary and compelling reasons exist for his release because his hypertension and gout place him at a heightened risk of illness and death from COVID-19 infection. Watson also points to his December 2020 positive COVID-19 diagnosis as an extraordinary and compelling reason warranting release, although he has since tested negative for infection. The government contends that Watson's medical conditions do not constitute extraordinary and compelling reasons and points out that Watson recovered from COVID-19 and is fully vaccinated. The parties also dispute whether the § 3553(a) factors support Watson's release.

Watson received his second dose of the Pfizer COVID-19 vaccine on January 21, 2021.  The Centers for Disease Control and Prevention advise that the Pfizer vaccine is 95% effective at preventing COVID-19 in individuals who have not previously contracted COVID-19, and "[e]fficacy [i]s similarly high in a secondary analysis including participants [with] evidence of infection." The

Advisory Committee on Immunization Practices' Interim Recommendation for Use of Pfizer-BioNTech COVID-19 Vaccine—United States, December 2020, CDC (Dec. 18, 2021) https://perma.cc/S298-Z9TC. The Court acknowledges Watson's hypertension, but in light of his recent COVID-19 vaccinations, the Court finds that it is not an extraordinary and compelling reason for release. *See, e.g., United States v. Grummer*, No. 08-4402, 2021 WL568782 at *2 (S.D. Cal. Feb. 16, 2021) (administration of the vaccine significantly mitigates the risk of COVID-19). *See also, United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

The Court commends Watson for his efforts to rehabilitate himself. The record shows that Watson completed several hours of Adult Continuing Education courses, the eighteen month faith-based Life Connections Program, and over 500 hours of community service, in addition to completing a number of other programs. Watson has worked as a tutor, teaches a public speaking course, and serves as a suicide companion. He also maintains employment and has avoided disciplinary action within the last six months. Despite these accomplishments, Watson is not entitled to his requested relief because he fails to demonstrate that the applicable § 3553(a) factors weigh in favor of his release. Considering the

6

nature and circumstances of his offense — bank robbery and premeditated murder — releasing Watson after sixteen years would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. *See* § 3553(a)(1)-(2). The Court finds that Watson's sentence remains appropriate considering the relevant § 3553(a) factors.

Because the applicable § 3553(a) factors weigh against him and do not dictate release, the Court **DENIES** his motion.

☐ **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    **ORDERED**.

                                                     s/ Victoria A. Roberts
                                                   Victoria A. Roberts
                                                   United States District Judge

Dated: March 19, 2021